**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 119244

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Mockingbird 38, LLC,

        Plaintiff,

    v.

TBC Multimedia LLC,

        Defendant.
_____/

Case No:

**COMPLAINT**

Plaintiff Mockingbird 38, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant TBC Multimedia LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as vpitv.com and

www.vpitv.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Mockingbird 38, LLC is a New York Limited Liability Company and maintains its principal place of business in Nassau County, New York.

7. On information and belief, Defendant TBC Multimedia LLC, is a Florida Limited Liability Company with a principal place of business in Broward County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over TBC Multimedia LLC because TBC MULTIMEDIA LLC maintains its principal place of business in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because TBC Multimedia LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building its photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own

protectable copyright interests.

15. Defendant is the registered owner of the Website and is responsible for its content.

16. Defendant is the operator of the Website and is responsible for its content.

17. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

18. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

19. On January 30, 2020 a photograph of Lady Gaga kisses a unknown mystery man ahead of her pre-Super Bowl concert in Miami was authored. ("Photograph").  A copy of the Photograph is attached as Exhibit 1.

20. Plaintiff acquired the rights and applied to the USCO to register the Photograph on March 19, 2020 under Application No. 1-8657245271.

21. The Photograph was registered by USCO on March 19, 2020 under Registration No. VA0002200379.

22. Plaintiff observed the Photograph on Defendant's domain vpitv.com on February 7, 2020.  A copy of Screengrab of Defendant's website including the Photograph is attached as Exhibit 2.

23. A copy of the Photograph was stored and displayed on Defendant's domain vpitv.com at the following URL: https://vpitv.com/variedad/arte_y_espectaculos/gaga-amor-polansky/.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the Photograph was copied, modified, stored and/or

displayed without license or permission, thereby infringing on Plaintiff's copyrights (the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.*508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying the Photograph.

29. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing moderators and administrators, as Defendant's agents, including but not limited to Rayber Daniel Alvarado (hereinafter collectively referred to as "Employees") who are each responsible for operating and controlling the activities on the Website.

30. On information and belief, at all material times the Employees were acting within the course and scope of their employment.

31. On information and belief, at all material times the Employees were acting within the course and scope of their agency.

32. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

33. On information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

34. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot

claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

35. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

36. On information and belief, the Photographs are readily identifiable as copyright protected as the vast majority of the photographs on the Website contain a copyright watermark on the image, thereby making their infringement willful as a matter of law.

37. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

39. On information and belief, Defendant monitors the content on its Website.

40. On information and belief, Defendant's Employees actively review, modify delete and/or "clean" postings and threads thereby having constructive notice of its contents.

41. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

42. On information and belief, a large number of people has viewed the unlawful copies of the Photographs on the Website.

43. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Integrity of Copyright Management Information 17 U.S.C. § 1202)*

51. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

52. Upon information and belief, in its article on the Website, Defendant copied the Photograph from https://pagesix.com/2020/01/31/lady-gaga-lets-it-all-hang-out-with-mystery-man-in-miami/ which contained a gutter credit beneath the Photograph stating "MEGA" the agency which owned the Photograph prior to its assignment to Plaintiff.

53. Upon information and belief, Defendant also removed the metadata from the

Photograph.

54. Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

55. The conduct of Defendant violates 17 U.S.C. § 1202(b).

56. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

57. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

58. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

59. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

b. Statutory damages against Defendant pursuant to 17 U.S.C. §1202 of up to $25,000 per infringement; and

c. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

d. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

e. Plaintiff's costs; together with

f. Such other relief that the Court determines is just and proper.

DATED: January 4, 2021

**BARSHAY SANDERS, PLLC**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 119244